James M. Ragain
RAGAIN & CLARK, PC
3936 Avenue B, Suite A-2
Billings, MT  59102
Telephone:  (406) 651-8888
Fax:  (406) 651-8889
jim@mtwylaw.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| PETER TEAL,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.:<br><br><br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

1. Plaintiff Peter Teal ("Peter") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, *et. seq.*

4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et seq.*, the Plaintiff on or about April 6, 2020, presented his claim to the appropriate federal agency for administrative settlement under the FTCA requesting $600,000.00 or more. By letter dated August 21, 2020, Plaintiff's claim was denied in writing by the Department of Health & Human Services - Office of the General Counsel, and

such denial was sent by certified or registered mail to the Plaintiff. (Claim #2020-0425). This lawsuit was then timely filed.

5. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 1391(c), as Defendants do business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

7. Plaintiff, Peter Teal, is and was a resident of Billings, Yellowstone County, Montana.

8. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

## STATEMENT OF CLAIM

9. On May 6, 2018, Peter went to St. Vincent Healthcare with pain in his right maxilla. Peter was treated with penicillin and analgesics and was advised to

follow up with Riverstone Health, a public health clinic providing public health services, including dental services, in Billings, Yellowstone County, Montana (hereinafter "Riverstone").

10. On May 7, 2018, Peter went to Riverstone with complaint of pain in his right maxilla, pointing to tooth #6, the maxillary right canine. Peter noted the presence of pain for the past several months, but it had recently intensified. After examination and x-rays, Rebecca Filan, DMD, an employee of Defendant ("Filan") discussed her findings, including possible contribution from tooth #4. Filan recommended root canal treatment of tooth #6, and Peter consented.

11. Following the procedure, Peter experienced numbness and swelling in the right maxilla area, and approximately 48 hours later Peter went to the SCL Health Walk-In Clinic. Treatment consisted of a prescription change from penicillin to clindamycin.

12. Peter returned to Riverstone on May 29, 2018 for a scheduled comprehensive oral exam/x-rays for his future dental treatment, where he was again seen by Filan and Dr. Hull. An area of erythematous tissue extending from Peter's upper right lip line towards his eye was noted, as well as an 8 mm round scab-like lesion in the middle of the erythematous tissue. Peter reported numbness where the skin was red. Dr. Hull felt infection was present in tooth #6 affecting the infraorbital nerve and suggested tooth #6 be re-accessed, drained and left open

for a week to allow for continual drainage before completing RCT. This procedure was completed by Kelsey Ammondson, DMD, an employee of Defendant ("Ammondson"), the afternoon of May 29, 2018.

13. On June 1, 2018, Peter went to the Billings Clinic complaining of a three-week history of right facial pain and swelling. It was felt the swelling was a result of the root canal and capping, as well as an overlay of neuropathic pain and considered shingles and trigeminal neuralgia. A thorough workup was done, and Peter was placed on a trial of acyclovir to cover the shingles possibility. It was recommended Peter continue the clindamycin 300 mg Q6H, prednisone and started gabapentin 300 mg. The working diagnosis was periorbital cellulitis secondary to the RCT #6.

14. At a re-evaluation appointment on June 5, 2018, at Riverstone, Peter reported still having numbness and occasional shooting nerve pain.

15. The pain and swelling persisted and Peter returned to the Billings Clinic on June 19, 2018. The ER physician was concerned about zoster and ordered a CT and eye exam. The CT showed significant mucosal thickening of the right maxillary sinus, and the eye exam was non-contributory.

16. Peter returned to the Billings Clinic ER on June 23, 2018 as he was not responding to outpatient therapy. Peter's symptoms continued to be numbness in the middle of the right side of his face with intermittent sharp shooting pain. Peter

was admitted for IV antibiotics – clindamycin, as well as IV Acyclovir. Peter was discharged on June 26, 2018 with the diagnosis of right facial cellulitis.

17. On July 5, 2018, Peter returned to the Billings Clinic in follow up of his recent hospitalization and indicated the redness and swelling had resolved; however, he had persistent numbness in the right maxillary region surrounded by an area of extreme itching.  Peter reported still experiencing the occasional, sharp shooting pain.  Peter was given a lower dose of gabapentin 300 mg qPM and was told that hopefully his symptoms would improve over time.

18. On July 10, 2018, Peter returned to Riverstone Health Dental Clinic for re-treatment on tooth #6.  To this day, Peter continues to experience persistent numbness in the right maxillary region with extreme itching.

## COUNT ONE – NEGLIGENCE

19. Plaintiff incorporates all allegations set forth above.

20. Defendant's employee Filan, acting within the course and scope of her employment, performed the root canal treatment of tooth #6 on May 7, 2018, and Defendant's employee Ammondson, acting within the course and scope of her employment, re-accessed and drained tooth #6 on May 29, 2018, and again re-accessed tooth #6 on July 10, 2018.  In doing so, both dentists breached the applicable standards of care in connection with Peter's care and treatment and were therefore negligent in several aspects, including but not limited to, by

instrumenting #6 beyond the apex and not confining the irrigant and materials to the confines of the root canal system.   The acts/omissions of Defendant's employees were substantial contributing factors to the damages suffered by Peter, and therefore were the proximate and legal cause thereof.

21.  Defendant, as Filan's and Ammondson's employer, is liable for their negligent acts and omissions.

22.  As a direct and proximate result of the negligence and breaches of duty described herein, Peter has suffered substantial injuries and damages.

WHEREFORE, Plaintiff requests judgment against the Defendant in an amount sufficient to compensate him for all of his damages, both general and special, for his costs and attorney's fees to the extent allowed by law, pre- and post-judgment interest according to law, preliminary and permanent injunctive relief, costs of this action, and any and all further relief justified by the proof or deemed appropriate by the Court.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury to the extent same is allowed on this claim.

DATED this 20th day of November, 2020.

-8-

     /s/    James M. Ragain
James M. Ragain
RAGAIN & CLARK, PC
3936 Avenue B, Suite A-2
Billings, MT  59102
jim@mtwylaw.com

*Attorney for Plaintiff*

-8-